IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DAVID C. LETTIERI, | Cause No. CV 26-06-GF-BMM |
| Petitioner, | ORDER |
| vs. | |
| FBI AGENT DOE #1, LAWRENCE JOSEPH VILARDO, PAUL E. BONANNO, MAEVE EILEEN HUGGINS, | |
| Respondents. | |

Petitioner David C. Lettieri ("Lettieri"), a federal prisoner, filed a handwritten document entitled "Writ." (Doc. 1.) Lettieri also filed 41-pages of documents, consisting primarily of legal opinions. (Doc. 1-1.) It appears Lettieri seeks habeas relief. (Doc. 1 at 1.) Lettieri's claims appear to be that he believes a due process violation occurred in his underlying proceedings and he has been falsely convicted. (*Id*. at 1-3.)

Lettieri is presently incarcerated at the Devens Federal Medical Center in Ayer, Massachusetts. According to a press release issued by the United States Attorney's Office for the Western District of New York, Lettieri was sentenced to

1

the Bureau of Prisons for 20 years in May of 2024, after a jury convicted him of Enticement of a Minor.[1] Two of the respondents named in Lettieri's filing, Paul E. Bonanno and Maeve Huggins, were the Assistant U.S. Attorneys who prosecuted him. Hon. Lawrence J. Vilardo is a United States District Judge for the Western District of New York. Lettieri has no pending or closed matters in the District of Montana.

Generally, motions to contest legality of a sentence must be filed under 28 U.S.C. §2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. §2241 in the custodial court. *See e.g., Doganiere v. United States*, 914 F. 2d 165, 169-70 (9th Cir. 1990); *Brown v. United States*, 610 F. 2d 672, 677 (9th Cir. 1980.) Whether Lettieri's filing is construed as a challenge to the legality of his conviction or as a challenge to the execution of his sentence, the Court lacks jurisdiction. The District of Montana is neither the sentencing court, nor the custodial court. Lettieri's filing must be made in either the Western District of New York, as the sentencing court, or in the United States District Court for the District of Massachusetts, which is the custodial court. Accordingly, this matter must be dismissed.

---

[1] *See*: https://www.justice.gov/usao-wdny/pr/broome-county-man-who-was-convicted-federal-jury-traveling-wyoming-county-attempt-have (accessed January 26, 2026).

2

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court lacks jurisdiction over Lettieri's filing. Thus, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability will be denied.

Accordingly, the Court enters the following:

### ORDER

1. Lettieri's petition (Doc. 1) is **DISMISSED**.

2. Lettieri's motion to proceed in forma pauperis (Doc. 2) is **DENIED** as moot.

3. Clerk of Court is directed to close this matter and enter a judgment of dismissal.

4. A certificate of appealability is **DENIED**.

DATED this 28th day of January, 2026.

_____
Brian Morris, Chief District Judge
United States District Court

4